**In re Antonio TORRES.**

No. 13–04–012–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 4, 2004.

---

Ernesto Gamez, Jr., Reynaldo G. Garza, III, Sean Paul Belleville, Victor Quintanilla, Law Offices of Ernesto Gamez, Jr., Brownsville, for relator.

Yolanda De Leon, Dist. Atty., Robert H. Moore, Jr., Asst. County (Crim. Dist.), Brownsville, for State.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

On February 3, 2004, this Court issued an opinion in this original proceeding dis-

missing relator's petition for writ of mandamus for want of jurisdiction. *See In re Antonio Torres,* No. 13–04–00012–CV, 2004 WL 203336, 2004 Tex.App. LEXIS 1020 (Corpus Christi February 3, 2004, orig. proceeding). On February 9, 2004, the real party-in-interest, the State of Texas, by and through its County and District Attorney, Yolanda de Leon, filed a motion for rehearing, which we now grant. We also withdraw our February 3, 2004 opinion and substitute the following opinion in its place.

On January 9, 2004, relator, Antonio Torres, filed a petition for writ of mandamus in which he requested this Court to demand that the Respondent, the Honorable Darrell Hester, presiding judge of the Fifth Administrative Judicial Region, Texas, first determine the existence of a "need" to assign a judge from outside the Fifth Administrative Judicial Region before assigning a judge from outside the region to hear relator's case. Relator also filed a motion for emergency relief requesting a stay of all proceedings in Cause No. 2003–CR–1335–D in the 103rd District Court of Cameron County, Texas. On January 9, 2004, this Court granted relator's motion for emergency relief and stayed all proceedings in Cause No. 2003–CR–1335–D.

The real party-in-interest, the State of Texas, by and through its County and District Attorney, Yolanda de Leon, timely filed a response to relator's petition for writ of mandamus. The State also filed a motion for sanctions. Relator filed a reply to the State's response and also filed a motion for sanctions.

After reviewing the petition for writ of mandamus and documents on file, we hold that we lack jurisdiction over relator's petition. Accordingly, we dismiss relator's petition for want of jurisdiction. The stay granted on January 9, 2004 in Cause No. 2003–CR–1335–D is hereby lifted.

## Background

Relator was indicted for three counts of bribery in Cause No. 2003–CR–1335–D in the 103rd District Court of Cameron County. At relator's request, the presiding judge of the 103rd, the Honorable Menton Murray, recused himself. *See* Tex.R. Civ. P. 18a(c) (providing that a judge who recuses himself in response to recusal motion shall enter order of recusal and request presiding judge of administrative judicial district to assign another judge to sit in case); *Arnold v. State,* 853 S.W.2d 543, 544 (Tex.Crim.App.1993) (holding rule 18a applicable to criminal cases); *In re K.E.M.,* 89 S.W.3d 814, 821 n. 11 (Tex.App.-Corpus Christi 2002, no pet.) (noting procedural requirements of rule 18a apply to criminal cases). Thereafter, the case was referred to Judge Hester, presiding administrative judge of the Fifth Administrative Judicial Region. Judge Hester requested the Honorable David Peeples, presiding judge of the Fourth Administrative Judicial Region, to assign a judge to preside over relator's case. Judge Peeples assigned the Honorable Mark Luitjen of the 144th District Court to preside over the case.

## Jurisdiction

■ This Court has the obligation to determine, *sua sponte,* its jurisdiction in each case. *Welder v. Fritz,* 750 S.W.2d 930, 932 (Tex.App.-Corpus Christi 1988, no writ). All Texas courts are courts of limited jurisdiction in the sense that each court has only such power as the constitution and laws enacted thereunder give such court. *Curry v. Wilson,* 853 S.W.2d 40, 45 (Tex.Crim.App.1993); *Martin v. Victoria Indep. Sch. Dist.,* 972 S.W.2d 815, 817

(Tex.App.-Corpus Christi 1998, pet. denied).

Section 22.221 of the government code authorizes courts of appeals to issue writs of mandamus or other writs necessary to enforce its jurisdiction, issue writs of mandamus agreeable to principles of law regulating such writs against a judge of a district or county court in the appellate court's district, and issue writs of habeas corpus in certain instances. *See* Tex. Gov't Code Ann. § 22.221 (Vernon Supp.2004); *Fritz,* 750 S.W.2d at 932.

Relator argues that this Court has jurisdiction to issue a writ of mandamus against Judge Hester because a regional administrative judge is a "district judge" within the meaning of section 22.221 of the government code and is therefore a person over whom we may exercise mandamus jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (Vernon Supp.2004).

The State argues that this Court lacks jurisdiction to issue a writ of mandamus against a regional administrative judge. In support of its position, the State cites *In re Hettler,* 110 S.W.3d 152, 154 (Tex. App.-Amarillo 2003, orig. proceeding). In *Hettler,* relators sought mandamus relief to compel the presiding administrative judge of the Ninth Judicial District to comply with his obligation under rule 18a to hold a hearing on a motion to disqualify a district judge. *Id.* at 153. The *Hettler* court held it had no jurisdiction to issue a writ of mandamus against any official not prescribed by statute. *Id.* at 154. The court reasoned that even though the judge was a "district judge" within its district, the court "must consider the capacity in which the respondent is functioning as well as the respondent's title." *Id.* The court noted that the relief sought was against the judge "in his capacity as the presiding judge of an administrative judicial region,

not simply in his capacity as a district judge." *Id.*

The *Hettler* court further noted that regional administrative judges are appointed by the governor with the advice and consent of the senate and have different qualifications and duties than district judges. *Id.* The court pointed out that prior to 1995, courts of appeals had no jurisdiction to mandamus district judges acting as magistrates. *Id.; see, e.g., Tex. Dep't of Transp. v. Marquez,* 885 S.W.2d 456, 459 (Tex.App.-El Paso 1994, orig. proceeding) (court of appeals lacked jurisdiction to issue writ of mandamus against district judge acting in capacity of magistrate); *State ex rel. Holmes v. Salinas,* 774 S.W.2d 421, 422–23 (Tex.App.-Houston [14th Dist.] 1989, orig. proceeding) (court of appeals lacked jurisdiction to issue writ of mandamus against district judge who was acting in capacity as magistrate in holding examining trial). The *Hettler* court reasoned that "just as it was necessary for the legislature in 1995 to give courts of appeals the specific power to issue writs of mandamus against district judges acting in the capacity of magistrate, we find that a specific grant of such authority would be required with respect to judges acting in the capacity of regional presiding judge." *In re Hettler,* 110 S.W.3d at 154.

### Whether Mandamus is Appropriate

■ Writs of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law where there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–41 (Tex.1992) (orig.proceeding). A party seeking mandamus relief must establish that he does not have an adequate remedy by appeal. *In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 375 (Tex.1998) (orig.proceeding). Mandamus will issue only when there is a

legal duty to perform non-discretionary acts, a demand for performance, and a refusal to perform. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig.proceeding).

In his petition, relator argues that section 74.056 of the government code[1] requires that a regional administrative judge must first determine that there is a "need" before assigning a judge from outside the judicial district. Relator contends that assessing the "need" is a ministerial function that Judge Hester failed to perform. Relator cites no authority for his argument that Judge Hester had a ministerial duty to determine the need before assigning a judge from outside the district. Also, the record before us contains no evidence that the relator ever requested Judge Hester to assess such a need prior to assigning a judge from outside the district and similarly, no evidence that Judge Hester ever refused such a request.

In his reply to the State's response (and in his reply to the State's motion for sanctions), relator states that the issue of whether a regional administrative judge is a "district judge" within the meaning of government code section 22.221 is a "matter of first impression." He asserts that there is "no binding authority regarding the present jurisdictional issue" from the Texas Supreme Court or this Court.[2] In his reply to the State's motion for sanctions, relator states that this is an issue of statutory construction and interpretation where "no legal precedent exists." He

argues his petition is not groundless because of "such ambiguity as to the powers and duties of a Chief Administrative Regional Judge."

### Ministerial Duty

"A writ of mandamus will issue to compel a public official to perform a ministerial act." *Anderson v. Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* "Furthermore, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion." *Id.* An act is not ministerial if it involves the exercise of discretion or judgment in determining whether the duty exists. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 832 (Tex.1980).

If the basis of a writ of mandamus is the performance of a legal duty, mandamus will not be granted unless the petition shows that the relator has a clear right to the performance of the particular duty sought to be enforced. *See Estrada v. Adame,* 951 S.W.2d 165, 167 (Tex.App.-Corpus Christi 1997, no pet.) (citing *Ramirez v. Flores,* 505 S.W.2d 406, 411 (Tex. Civ.App.San Antonio 1973, writ ref'd n.r.e.)). Mandamus may not be used to establish or enforce an uncertain or disputed claim. *City of Houston v. Albright,* 666 S.W.2d 279, 281 (Tex.App.-Houston [14th

---

1. Section 74.056 provides in pertinent part:
   (a) A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.
   (b) The presiding judge of one administrative region may request the presiding judge of another administrative region to furnish

judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request.
   TEX. GOV'T CODE ANN. § 74.056(a), (b) (Vernon 1998).

2. We note that we have been unable to locate any binding authority from the Texas Supreme Court or this Court on this issue.

Dist.] 1984), *writ ref'd n.r.e.,* 677 S.W.2d 487 (Tex.1984) *(per curiam).* If the relator's right is doubtful, it must first be established in some other way than mandamus. *Employees Ret. Sys. v. McDonald,* 551 S.W.2d 534, 535 (Tex.Civ.App.Austin 1977, writ ref'd).

Here, we conclude that relator has admitted that he lacks a "clear right" to compel Judge Hester to establish the existence of a "need" before assigning a judge outside the district. By conceding that there is no "binding legal authority" on this issue and that there is "ambiguity" as to the powers and duties of a regional administrative judge, relator has admitted the absence of a "clear right" to the relief sought.

We agree with the reasoning of our sister court of appeals in *In re Hettler. See In re Hettler,* 110 S.W.3d at 154. We hold that we lack jurisdiction to consider relator's petition for writ of mandamus against Judge Hester in his capacity as regional presiding judge. Accordingly, we dismiss relator's petition for want of jurisdiction. The stay granted on January 9, 2004 in Cause No. 2003–CR–1335–D is hereby lifted. We also deny both the relator's and the State's motions for sanctions.