NUMBER 13-05-344-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

IN RE: MICHAEL C. EDWARDS
__________________________________________________________________

On Petition for Writ of Mandamus
___________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Yañez 
Memorandum Opinion Per Curiam




         Relator, Michael C. Edwards, pro se, has filed a petition for writ of mandamus in the
above cause seeking to have the trial court act on relator’s “Motion to Modify Parent Child
/ Relationship Notification of Challenge to Paternity.” For the reasons stated herein, we
deny the petition. 
          A writ of mandamus will issue only to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The limited availability of mandamus
is necessary to preserve “orderly trial proceedings” and to prevent the “constant
interruption of the trial process by appellate courts.” Canadian Helicopters Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994). 
          The relator has the burden of showing an abuse of discretion as well as the
inadequacy of appeal as a remedy. See id. Moreover, a relator seeking issuance of a writ
of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal
duty to perform; (2) a demand for performance; and (3) a refusal to act. See Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979); In re Torres, 130 S.W.3d 409, 413 (Tex.
App.–Corpus Christi 2004, orig. proceeding). 
          The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. First, the
petition fails to comply with Texas Rule of Appellate Procedure 52.3 insofar as the factual
statements in the petition are not verified by affidavit and the documents attached to the
petition are not sworn or certified. See Tex. R. App. P. 52.3. Second, as a fundamental
matter, relator has failed to meet his burden to show a demand for performance and a
refusal to act. See Stoner, 586 S.W.2d at 846; In re Torres, 130 S.W.3d at 413. 
          A trial court is required to consider and rule upon a motion within a reasonable time. 
In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). 
Moreover, courts of appeals have the power to compel a trial judge to rule on pending
motions. In re Mission Consol. Ind. Sch. Dist., 990 S.W.2d 459, 461 (Tex. App.–Corpus
Christi 1999, orig. proceeding). As a general rule, however, mandamus is available only
when it is conclusively shown that a judge has a clear legal duty to act and has refused to
do so. In re Am. Media Consol., 121 S.W.3d 70, 72 (Tex. App.–San Antonio 2003, orig.
proceeding). In other words, the relator must show that the matter was brought to the
attention of the trial court and the trial court refused to rule. Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); see also In re Chavez, 62
S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). A court is not required to
consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.
App.–Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with a clerk
does not constitute proof that the motion was brought to the trial court's attention or
presented to the trial court with a request for a ruling. In re Davidson, 153 S.W.3d 490,
491 (Tex. App.–Amarillo 2004, orig. proceeding); In re Hearn, 137 S.W.3d 681, 685 (Tex.
App.–San Antonio 2004, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228
(Tex.App.--Amarillo 2001) (orig. proceeding). 
          In the instant case, the mandamus petition includes a copy of relator’s motion which
has been file-stamped by the District Clerk of Wharton County. However, there is no
indication in the mandamus petition or record that, after filing the motion with the District
Clerk, relator asked the trial court to rule on the motion or otherwise did anything to bring
the motion to the trial court's attention. Accordingly, relator has failed to show an abuse
of discretion by the trial court. See Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d at 424. 
          The petition for writ of mandamus is denied. Tex. R. App. P. 52.8(a).
 
                                                                                      PER CURIAM
 
Memorandum opinion delivered and filed
this 6th day of June, 2005.