NUMBER 13-07-218-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE VIOLETTE BROWN


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Violette Brown, pro se, has filed a petition for writ of mandamus
seeking to compel the trial court to rule on her pending motion for summary judgment
against John Boudreaux, plaintiff below. We deny the writ.

 Traditionally, mandamus relief is proper only to correct a clear abuse of
discretion when there is no adequate remedy by appeal. In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Relator has the heavy
burden of establishing both an abuse of discretion by the trial court and an inadequate
appellate remedy. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig.
proceeding) (per curiam). Relator has the further burden of providing this court with
a sufficient record to establish a right to mandamus relief. Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); see Tex. R. App. P. 52.3(j)(1)(A);
52.7(a).

 A trial court has a ministerial duty to consider and rule on motions properly filed
and pending before the court and mandamus may issue to compel the judge to act.
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997,
orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.
App.-Tyler 1993, orig. proceeding)); see In re Mission Consol. Ind. Sch. Dist., 990
S.W.2d 459, 461 (Tex. App.-Corpus Christi 1999, orig. proceeding) (courts of
appeals have the power to compel a trial judge to rule on pending motions). 

 To establish entitlement to the issuance of a writ of mandamus compelling a
trial court to consider and rule on a pending motion, the relator bears the burden to
establish that (1) the trial court had a legal duty to perform, (2) relator made a demand
for performance of this duty, and (3) the trial court refused to act. Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979); In re Torres, 130 S.W.3d 409, 413 (Tex.
App.-Corpus Christi 2004, orig. proceeding). The trial court has a "reasonable" time
within which to rule upon a motion. In re Ramirez, 994 S.W.2d 682, 683 (Tex.
App.-San Antonio 1998, orig. proceeding); Safety-Kleen Corp., 945 S.W.2d at 269. 
Whether a reasonable period of time has lapsed is dependent on the circumstances of
each case. Ex parte Bates, 65 S.W.3d 133, 135-36 (Tex. App.-Amarillo 2001, orig.
proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.]
1992, orig. proceeding). Factors relevant to whether a reasonable time has lapsed
include: the trial court's actual knowledge of the motion, its overt refusal to act, the
state of its docket, and other judicial and administrative duties which it must address. 
In re Villarreal, 96 S.W.3d 708, 711 (Tex. App.-Amarillo 2003, orig. proceeding).

 As a general rule, however, mandamus is available only when it is conclusively
shown that a judge has a clear legal duty to act and has refused to do so. In re Am.
Media Consol., 121 S.W.3d 70, 72 (Tex. App.-San Antonio 2003, orig. proceeding). 
In other words, the relator must show that the matter was brought to the attention of
the trial court and the trial court refused to rule. Barnes, 832 S.W.2d at 426; see In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). A court
is not required to consider a motion not called to its attention. Metzger v. Sebek, 892
S.W.2d 20, 49 (Tex. App.-Houston [1st Dist.] 1994, writ denied). Showing that a
motion was filed with a clerk does not constitute proof that the motion was brought
to the trial court's attention or presented to the trial court with a request for a ruling. 
In re Davidson, 153 S.W.3d 490, 491 (Tex. App.-Amarillo 2004, orig. proceeding);
In re Hearn, 137 S.W.3d 681, 685 (Tex. App.-San Antonio 2004, orig. proceeding);
Chavez, 62 S.W.3d at 228. 

 In the instant case, the record fails to include any file-stamped copies of the
documents at issue. The mandamus petition includes a copy of relator's motion for
summary judgment, which indicates that it was served on November 3, 2006, and the
real party's response, which indicates that it was served on December 6, 2006. 
Documents in the record indicate that the matter was submitted to the trial court on
December 13, 2006. However, there is no indication in the mandamus petition or
record that, after filing the motion, relator asked the trial court to rule on the motion
or otherwise did anything to bring the motion to the trial court's attention. 
Accordingly, the record does not show that the trial court has actual knowledge of
relator's motion and has refused to act on it. See Bates, 65 S.W.3d at 136; Chavez,
62 S.W.3d at 228; Barnes, 832 S.W.2d at 424. 

 To the extent that relator's petition for writ of mandamus may be construed as
a request for this Court to direct the trial court to issue a ruling in her favor on the
motion for summary judgment, we would note that, even if we were granting
mandamus relief, we would not issue a direction to the trial court regarding the
substance of its ruling on the motion for summary judgment. See O'Donniley v.
Golden, 860 S.W.2d 267, 269-70 (Tex. App.-Tyler 1993, orig. proceeding). 

 We conclude that relator has not satisfied her burden to show entitlement to
mandamus relief. Walker, 827 S.W.2d at 837. Accordingly, the petition for writ of
mandamus is denied. Tex. R. App. P. 52.8(a).


 PER CURIAM

Memorandum Opinion delivered and

filed this 12th day of April, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).