NUMBER 13-07-551-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


______________________________________________________ _____


IN RE W. J. SAMES


____________________________________________________________ 


On Petition for Writ of Mandamus

____________________________________________________________ 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Per Curiam Memorandum Opinion (1)



 Relator, W. J. Sames, filed a petition for writ of mandamus in the above cause
on September 10, 2007. Relator contends that the trial court (2) has failed and refused
to sign a final order regarding bond forfeiture as per the trial court's alleged oral
pronouncement at a hearing held in March 2007. (3) 

 To the extent that relator asks this Court to direct the trial court to order bond
forfeiture, the trial court has not ruled on this issue, and accordingly, this issue is not
properly before us. See In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (mandamus
is not available to compel an action that has not first been demanded and refused). 

 Nevertheless, a trial court has a ministerial duty to consider and rule on motions
properly filed and pending before the court, and mandamus may issue to compel the
judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.-San
Antonio 1997, orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267,
269-70 (Tex. App.-Tyler 1993, orig. proceeding)); see In re Mission Consol. Ind. Sch.
Dist., 990 S.W.2d 459, 461 (Tex. App.-Corpus Christi 1999, orig. proceeding)
(courts of appeals have the power to compel a trial judge to rule on pending motions). 
The trial court has a "reasonable" time within which to rule upon a motion. In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio 1998, orig. proceeding);
Safety-Kleen Corp., 945 S.W.2d at 269. Whether a reasonable period of time has
lapsed is dependent on the circumstances of each case. Ex parte Bates, 65 S.W.3d
133, 135-36 (Tex. App.-Amarillo 2001, orig. proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding). Factors
relevant to whether a reasonable time has lapsed include: the trial court's actual
knowledge of the motion, its overt refusal to act, the state of its docket, and other
judicial and administrative duties which it must address. In re Villarreal, 96 S.W.3d
708, 711 (Tex. App.-Amarillo 2003, orig. proceeding).

 To establish entitlement to the issuance of a writ of mandamus compelling a
trial court to consider and rule on a pending motion, the relator bears the burden to
establish that (1) the trial court had a legal duty to perform, (2) relator made a demand
for performance of this duty, and (3) the trial court refused to act. Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979); In re Torres, 130 S.W.3d 409, 413 (Tex.
App.-Corpus Christi 2004, orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of
mandamus, is of the opinion that relator has not shown himself entitled to the relief
sought. Whether a reasonable period of time has lapsed is dependent on the
circumstances of each case, Bates, 65 S.W.3d at 135-36; Barnes, 832 S.W.2d at
426, and the evidentiary record before the Court fails to include or address factors
relevant to whether a reasonable time has lapsed and further fails to establish the
requisite elements of demand and refusal. Stoner, 586 S.W.2d at846; Torres, 130
S.W.3d at 413. 

 Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P.
52.8(a). 


 PER CURIAM



Memorandum Opinion delivered and filed

this 13th day of September, 2007. 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The underlying cause is pending before the Honorable Richard Hatch III, the presiding judge of
the County Court at Law of San Patricio County, Texas. 
3. A related appeal was previously determined by this Court. See Chapman v. Gary's Pool &
Patio, No. 13-05-587-CV, 2006 Tex. App. LEXIS 464 (Tex. App.-Corpus Christi Jan. 19, 2006, no
pet.).