NUMBER 13-07-386-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE: CNA LLOYDS OF TEXAS, ET AL.


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Per Curiam Memorandum Opinion (1)



 Relators, CNA Lloyds of Texas, et al., filed a petition for writ of mandamus and
motion for temporary relief in the above cause on June 14, 2007. By order issued on
June 19, 2007, the Court granted the motion for temporary relief and requested a
response from the real parties in interest. Having examined and fully considered the
petition for writ of mandamus and response thereto, the Court is of the opinion that
relators have not shown themselves entitled to the relief sought. 

 Relators contend that the trial court abused its discretion: (1) by ordering discovery
in a case in which it lacks subject-matter jurisdiction; (2) by ordering discovery before it
ruled on the pleas to the jurisdiction; and (3) by ordering relators to produce the names,
addresses, and telephone numbers of injured workers who may or may not be members
of the class. 

 In their first issue, relators argue that the Division has exclusive jurisdiction over
workers' compensation benefits disputes and all of plaintiffs' claims arise out of relators'
alleged failure to pay workers compensation benefits, thus the district court abused its
discretion when it ordered discovery in a case in which it lacks subject-matter jurisdiction. 
This issue presupposes that the trial court lacks subject-matter jurisdiction. The trial court
has not ruled on the pleas to the jurisdiction and, accordingly, this issue is not properly
before us. See In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (mandamus is not available
to compel an action that has not first been demanded and refused). 

 To the extent that relators ask that we direct the trial court to rule on the pleas
to the jurisdiction, relators have failed to carry their burden to establish that (1) the
trial court had a legal duty to perform, (2) relators made a demand for performance of
this duty, and (3) the trial court refused to act. Stoner v. Massey, 586 S.W.2d 843,
846 (Tex. 1979); In re Torres, 130 S.W.3d 409, 413 (Tex. App.-Corpus Christi 2004,
orig. proceeding).

 In their second issue, relators contend that the district court abused its
discretion when it ordered discovery before ruling on the pleas to the jurisdiction. It
is clear that a trial court has broad discretion to schedule and define the scope of
discovery. See In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999) (orig.
proceeding). Further, a plea to the jurisdiction may require the court to consider
evidence pertaining to jurisdictional facts. Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 227 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
555 (Tex. 2000). When the consideration of a trial court's subject matter jurisdiction
requires the examination of evidence, the trial court exercises its discretion in deciding
whether the jurisdictional determination should be made at a preliminary hearing or
await a fuller development of the case, mindful that this determination must be made
as soon as practicable. Bland, 34 S.W.3d at 554. This determination "must be left
largely to the trial court's sound exercise of discretion." Id. In the instant case, the
record before the Court fails to establish that the trial court has abused its discretion
by acting unreasonably. See Alford Chevrolet-Geo, 997 S.W.2d 173.

 In their third issue, relators contend that the district court's discovery order is
unduly burdensome and subjects relators to potential criminal liability for disclosure of
the requested information. The record before the Court indicates that the discovery
responses at issue would require approximately thirty hours to prepare. Such an order
is not unduly burdensome. See id. at 181. Discovery regarding the identity of
potential class members is generally allowed. See id. Relators have not carried their
burden to show that their release to opposing counsel of the requested information --
names, addresses, telephone numbers, claim numbers, and the fact that the claims
were denied -- would subject relators to criminal liability. 

 Based on the foregoing, the stay previously imposed by this Court is ordered
lifted and the petition for writ of mandamus is denied. See Tex. R. App. P. 52.8(a). 


 PER CURIAM

Memorandum Opinion delivered and

filed this 24th day of September, 2007.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).