NUMBER 13-08-00518-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 


IN RE ELIA CORNEJO LOPEZ
 

 


On Petition for Writ of Mandamus.


 


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Opinion by Chief Justice Valdez
 Relator, Elia Cornejo Lopez, seeks mandamus relief from an order granting an oral
motion to disqualify her counsel. We conditionally grant the writ. 

I. Background
 

 Relator and Leonel Lopez brought suit against South Texas ACP Management,
LLC, Cesar Perez, and Norma Linda Castellano, real parties in interest, for breach of
fiduciary duty regarding the imposition of a constructive trust on real property. Perez filed
a motion to transfer venue. At the venue hearing, the Honorable Joaquin Villarreal, a
visiting and assigned judge, disqualified relator from representing herself pro se. Relator
subsequently filed a motion to recuse and disqualify Judge Villarreal. 

 Respondent, the Honorable Manuel Banales, presided at the recusal hearing. 
Relator retained Richard E. Zayas to represent her at the recusal hearing. Zayas had not
earlier appeared in the case. At the hearing, Perez objected to Zayas's representation of
relator and orally moved to disqualify him from representing relator. Respondent granted
the motion to disqualify without a separate hearing or the introduction of evidence. He
continued the recusal hearing to allow relator to retain new counsel. This original
proceeding ensued.

 Relator contends that the respondent abused his discretion in disqualifying relator's
counsel without a hearing or evidence. Real parties in interest contend that: (1) the
respondent is not subject to this Court's jurisdiction; and (2) relator has not met her burden
of proving that the respondent committed a clear abuse of discretion.

II. Mandamus


 To be entitled to mandamus relief, a petitioner must show that the trial court clearly
abused its discretion and that the relator has no adequate remedy by appeal. In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (citing Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992)); see In re McAllen Med. Ctr., Inc., 51 Tex. Sup. Ct. J.,
1302, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding). Mandamus is
appropriate to correct an erroneous order disqualifying counsel because there is no
adequate remedy by appeal. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 383
(Tex. 2005) (orig. proceeding); In re Sanders, 153 S.W.3d 54, 56 (Tex. 2004) (orig.
proceeding) (per curiam); see also In re Fulp, No. 13-08-000082-CV, 2008 Tex. App.
LEXIS 2946, at *2 (Tex. App.-Corpus Christi Apr. 24, 2008, orig. proceeding) (mem. op.).

 Consequently, the only issue we must consider is whether the respondent abused
his discretion by disqualifying Zayas. See In re Nitla S.A. de C.V., 92 S.W.3d 419, 423
(Tex. 2002). A trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).

 Disqualification is a "severe" remedy which can result in immediate and palpable
harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of
choice. See Nitla, 92 S.W.3d at 422. "In considering a motion to disqualify, the trial court
must strictly adhere to an exacting standard to discourage a party from using the motion
as a dilatory trial tactic." See id. The party seeking disqualification bears the burden of
establishing conduct that warrants disqualification. Id. Mere allegations of unethical
conduct or evidence showing a remote possibility of a violation of the disciplinary rules will
not suffice to merit disqualification. See Spears v. Fourth Court of Appeals, 797 S.W.2d
654, 656 (Tex. 1990).

III. Jurisdiction


 We first consider our jurisdiction to issue the requested writ. The real parties in
interest contend that in issuing the order disqualifying Zayas, respondent was acting as the
Presiding Judge of the Fifth Administrative Judicial District of Texas, pursuant to Texas
Government Code section 74.005 and Texas Rule of Civil Procedure 18a(d), and thus this
Court lacks jurisdiction to issue the writ. See In re Torres, 130 S.W.3d 409, 414 (Tex. App.
Corpus Christi 2004, orig. proceeding) ("We hold that we lack jurisdiction to consider
relator's petition for writ of mandamus against Judge Hester in his capacity as regional
presiding judge."); In re Hettler, 110 S.W.3d 152, 154 (Tex. App.-Amarillo 2003, orig.
proceeding) ("When considering our writ jurisdiction, we must consider the capacity in
which the respondent is functioning as well as the respondent's title."); see also In re
Moore, No. 12-08-00025-CV, 2008 Tex. App. LEXIS 448, at *4 (Tex. App.-Tyler Jan. 23,
2008, orig. proceeding) (mem. op); In re Davidson, No. 09-07-00380-CV, 2007 Tex. App.
LEXIS 6446, at *1 (Tex. App.-Beaumont Aug. 16, 2007, orig. proceeding) (mem op). 

 This Court's authority to grant writs of mandamus is limited. Under the government
code, a court of appeals has authority to issue writs of mandamus when necessary to
enforce its jurisdiction or against: (1) a judge of a district or county court in the court of
appeals district; or (2) a judge of a district court who is acting as a magistrate at a court of
inquiry under chapter 52 of the Texas Code of Criminal Procedure in the court of appeals
district. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004). The government code does
not grant a court of appeals the authority to issue a writ of mandamus against a regional
presiding judge acting in his administrative capacity. See id.; Torres, 130 S.W.3d at 414;
Hettler, 110 S.W.3d at 155. However, when considering our jurisdiction, we look to the
capacity in which the respondent judge is serving, not merely that judge's title. Torres, 130
S.W.3d at 414; Hettler, 110 S.W.3d at 155. 

 Through this mandamus proceeding, relator seeks to vacate respondent's ruling
disqualifying her counsel. This ruling was issued in a recusal hearing. Under the rules of
civil procedure, recusal hearings are handled thusly: 

 The presiding judge of the administrative judicial district shall immediately set
a hearing before himself or some other judge designated by him, shall cause
notice of such hearing to be given to all parties or their counsel, and shall
make such other orders including orders on interim or ancillary relief in the
pending cause as justice may require. 


Tex. R. Civ. P. 18a(d). In the instant case, respondent was holding a hearing on the motion
to recuse, much as "some other judge designated by [the presiding judge of the
administrative judicial district]," and accordingly, we conclude that the respondent was
acting in his capacity as a district judge. Cf. Torres, 130 S.W.3d at 413-14 (concluding that
the court lacked jurisdiction to direct the presiding judge of the administrative judicial region
to first determine the existence of a "need" to assign a judge from outside the region before
making the assignment); Hettler, 110 S.W.3d at 153 (concluding that the court lacked
jurisdiction to direct the presiding judge of the administrative judicial district to set a hearing
on a motion to disqualify); see also Moore, 2008 Tex. App. LEXIS 448, at *3-4 (concluding
that the court lacked jurisdiction to compel the presiding judge of the administrative region
to set a hearing on a motion to recuse); Davidson, 2007 Tex. App. LEXIS 6446, at *1
(concluding that the court lacked jurisdiction to direct the presiding judge of the
administrative judicial district to vacate an order of assignment); In re Valladolid, No. 07-06-00173-CV, 2006 Tex. App. LEXIS 6188, at *4-6 (Tex. App.-Amarillo 2006, orig.
proceeding) (concluding that the court lacked jurisdiction to direct the presiding judge of
the administrative judicial district to vacate his order denying motions for disqualification
and recusal of a judge). 

 Accordingly, we have jurisdiction to consider the merits of the petition for writ of
mandamus.

 IV. Analysis


 At the inception of the hearing on the motion to recuse, counsel Tom Fleming,
appearing for the real parties in interest, objected to Zayas's representation of relator and
moved to disqualify Zayas. Fleming alleged that Zayas's current law partner, Luis
Hernandez, had previously served as one of Fleming's partners during a period of time in
which Fleming was representing real parties in interest during negotiations relevant to the
instant lawsuit. 

 Based on the arguments of counsel, the respondent disqualified Zayas from
representing relator. Respondent concluded that the argument was offered by "officer[s]
of the court," he took their comments as "facts," and concluded that he did "not need to
hear any additional evidence" or "conduct an evidentiary hearing." (1)
 Respondent
specifically denied relator's request for an evidentiary hearing. 

 Given the severity of the remedy of disqualification, the exacting standards that the
trial court must consider, the applicable burden of proof, and the evidentiary requirements
for a disqualification determination, we conclude that relator should have been afforded
notice and a hearing prior to a ruling on the disqualification of her counsel. See Nitla, 92
S.W.3d at 422; In re Chonody, 49 S.W.3d 376, 378 (Tex. App.-Fort Worth 2000, orig.
proceeding) (concluding that the trial court erred in granting a motion to disqualify counsel
"without notice to relator or the benefit of an evidentiary hearing"). While we agree that the
alleged disqualifying conflict is significant, if the disqualifying status is proved, we disagree
that one party's counsel's bare allegation of the conflict is sufficient to establish
disqualification as a matter of law when the opposing party is seeking to enforce its right
to an evidentiary hearing on the constitutionally protected right to counsel of the party's
choosing. Accordingly, the respondent abused his discretion in disqualifying Zayas without
notice and an evidentiary hearing. In reaching this conclusion, we express no opinion on
the merits of the disqualification itself.

VI. Conclusion


 We conditionally grant the writ of mandamus and direct the respondent to vacate
his ruling disqualifying counsel and to set an evidentiary hearing, with appropriate notice
to the parties, for further consideration of this matter. We are confident that respondent
will comply, and our writ will issue only if he does not. 

 _______________________

 ROGELIO VALDEZ

 Chief Justice


Opinion delivered and filed this

the 12th day of November, 2008.
1. An attorney's unsworn statements are not evidence. See In re Doe 3, 19 S.W.3d 300, 305 (Tex.
2000); see, e.g., Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997) ("Normally, an attorney's statements must
be under oath to be considered evidence.").