

NUMBER 13-08-00518-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ELIA CORNEJO LOPEZ

## On Petition for Writ of Mandamus.

## O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Opinion by Chief Justice Valdez**

Relator, Elia Cornejo Lopez, seeks mandamus relief from an order granting an oral motion to disqualify her counsel. We conditionally grant the writ.

### I. BACKGROUND

Relator and Leonel Lopez brought suit against South Texas ACP Management, LLC, Cesar Perez, and Norma Linda Castellano, real parties in interest, for breach of fiduciary duty regarding the imposition of a constructive trust on real property. Perez filed a motion to transfer venue. At the venue hearing, the Honorable Joaquin Villarreal, a

visiting and assigned judge, disqualified relator from representing herself pro se. Relator subsequently filed a motion to recuse and disqualify Judge Villarreal.

Respondent, the Honorable Manuel Banales, presided at the recusal hearing. Relator retained Richard E. Zayas to represent her at the recusal hearing. Zayas had not earlier appeared in the case. At the hearing, Perez objected to Zayas's representation of relator and orally moved to disqualify him from representing relator. Respondent granted the motion to disqualify without a separate hearing or the introduction of evidence. He continued the recusal hearing to allow relator to retain new counsel. This original proceeding ensued.

Relator contends that the respondent abused his discretion in disqualifying relator's counsel without a hearing or evidence. Real parties in interest contend that: (1) the respondent is not subject to this Court's jurisdiction; and (2) relator has not met her burden of proving that the respondent committed a clear abuse of discretion.

## II. MANDAMUS

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see In re McAllen Med. Ctr., Inc.*, 51 Tex. Sup. Ct. J., 1302, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding). Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (orig. proceeding); *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *see also In re Fulp*, No. 13-08-000082-CV, 2008 Tex. App. LEXIS 2946, at *2 (Tex. App.–Corpus Christi Apr. 24, 2008, orig. proceeding) (mem. op.).

2

Consequently, the only issue we must consider is whether the respondent abused his discretion by disqualifying Zayas. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Disqualification is a "severe" remedy which can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *See Nitla*, 92 S.W.3d at 422. "In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *See id.* The party seeking disqualification bears the burden of establishing conduct that warrants disqualification. *Id.* Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice to merit disqualification. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990).

### III. JURISDICTION

We first consider our jurisdiction to issue the requested writ. The real parties in interest contend that in issuing the order disqualifying Zayas, respondent was acting as the Presiding Judge of the Fifth Administrative Judicial District of Texas, pursuant to Texas Government Code section 74.005 and Texas Rule of Civil Procedure 18a(d), and thus this Court lacks jurisdiction to issue the writ. *See In re Torres*, 130 S.W.3d 409, 414 (Tex. App. Corpus Christi 2004, orig. proceeding) ("We hold that we lack jurisdiction to consider relator's petition for writ of mandamus against Judge Hester in his capacity as regional presiding judge."); *In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.–Amarillo 2003, orig. proceeding) ("When considering our writ jurisdiction, we must consider the capacity in

3

which the respondent is functioning as well as the respondent's title."); *see also In re Moore*, No. 12-08-00025-CV, 2008 Tex. App. LEXIS 448, at *4 (Tex. App.–Tyler Jan. 23, 2008, orig. proceeding) (mem. op); *In re Davidson*, No. 09-07-00380-CV, 2007 Tex. App. LEXIS 6446, at *1 (Tex. App.–Beaumont Aug. 16, 2007, orig. proceeding) (mem op).

This Court's authority to grant writs of mandamus is limited. Under the government code, a court of appeals has authority to issue writs of mandamus when necessary to enforce its jurisdiction or against: (1) a judge of a district or county court in the court of appeals district; or (2) a judge of a district court who is acting as a magistrate at a court of inquiry under chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). The government code does not grant a court of appeals the authority to issue a writ of mandamus against a regional presiding judge acting in his administrative capacity. *See id.; Torres*, 130 S.W.3d at 414; *Hettler*, 110 S.W.3d at 155. However, when considering our jurisdiction, we look to the capacity in which the respondent judge is serving, not merely that judge's title. *Torres*, 130 S.W.3d at 414; *Hettler*, 110 S.W.3d at 155.

Through this mandamus proceeding, relator seeks to vacate respondent's ruling disqualifying her counsel. This ruling was issued in a recusal hearing. Under the rules of civil procedure, recusal hearings are handled thusly:

> The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

TEX. R. CIV. P. 18a(d). In the instant case, respondent was holding a hearing on the motion to recuse, much as "some other judge designated by [the presiding judge of the administrative judicial district]," and accordingly, we conclude that the respondent was

4

acting in his capacity as a district judge. *Cf. Torres*, 130 S.W.3d at 413-14 (concluding that the court lacked jurisdiction to direct the presiding judge of the administrative judicial region to first determine the existence of a "need" to assign a judge from outside the region before making the assignment); *Hettler*, 110 S.W.3d at 153 (concluding that the court lacked jurisdiction to direct the presiding judge of the administrative judicial district to set a hearing on a motion to disqualify); *see also Moore*, 2008 Tex. App. LEXIS 448, at *3-4 (concluding that the court lacked jurisdiction to compel the presiding judge of the administrative region to set a hearing on a motion to recuse); *Davidson*, 2007 Tex. App. LEXIS 6446, at *1 (concluding that the court lacked jurisdiction to direct the presiding judge of the administrative judicial district to vacate an order of assignment); *In re Valladolid*, No. 07-06-00173-CV, 2006 Tex. App. LEXIS 6188, at *4-6 (Tex. App.–Amarillo 2006, orig. proceeding) (concluding that the court lacked jurisdiction to direct the presiding judge of the administrative judicial district to vacate his order denying motions for disqualification and recusal of a judge).

Accordingly, we have jurisdiction to consider the merits of the petition for writ of mandamus.

## IV. ANALYSIS

At the inception of the hearing on the motion to recuse, counsel Tom Fleming, appearing for the real parties in interest, objected to Zayas's representation of relator and moved to disqualify Zayas. Fleming alleged that Zayas's current law partner, Luis Hernandez, had previously served as one of Fleming's partners during a period of time in which Fleming was representing real parties in interest during negotiations relevant to the instant lawsuit.

Based on the arguments of counsel, the respondent disqualified Zayas from

5

representing relator. Respondent concluded that the argument was offered by "officer[s] of the court," he took their comments as "facts," and concluded that he did "not need to hear any additional evidence" or "conduct an evidentiary hearing."[1] Respondent specifically denied relator's request for an evidentiary hearing.

Given the severity of the remedy of disqualification, the exacting standards that the trial court must consider, the applicable burden of proof, and the evidentiary requirements for a disqualification determination, we conclude that relator should have been afforded notice and a hearing prior to a ruling on the disqualification of her counsel. *See Nitla*, 92 S.W.3d at 422; *In re Chonody*, 49 S.W.3d 376, 378 (Tex. App.–Fort Worth 2000, orig. proceeding) (concluding that the trial court erred in granting a motion to disqualify counsel "without notice to relator or the benefit of an evidentiary hearing"). While we agree that the alleged disqualifying conflict is significant, if the disqualifying status is proved, we disagree that one party's counsel's bare allegation of the conflict is sufficient to establish disqualification as a matter of law when the opposing party is seeking to enforce its right to an evidentiary hearing on the constitutionally protected right to counsel of the party's choosing. Accordingly, the respondent abused his discretion in disqualifying Zayas without notice and an evidentiary hearing. In reaching this conclusion, we express no opinion on the merits of the disqualification itself.

## VI. CONCLUSION

We conditionally grant the writ of mandamus and direct the respondent to vacate his ruling disqualifying counsel and to set an evidentiary hearing, with appropriate notice

---

[1] An attorney's unsworn statements are not evidence. *See In re Doe 3*, 19 S.W.3d 300, 305 (Tex. 2000); *see, e.g., Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) ("Normally, an attorney's statements must be under oath to be considered evidence.").

to the parties, for further consideration of this matter. We are confident that respondent will comply, and our writ will issue only if he does not.

_____
ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed this
the 12th day of November, 2008.