

# NUMBER 13-11-00577-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ARNOLDO MUÑOZ

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION ON REHEARING

### Before Justices Rodriguez, Vela, and Perkes
### Per Curiam Memorandum Opinion[1]

After considering pro se relator Arnoldo Muñoz's motion for rehearing filed on September 30, 2011, we deny the motion; however, we withdraw our memorandum opinion and judgment of September 15, 2011, and substitute the following.

On September 12, 2011, relator filed a petition for writ of mandamus in the above cause, seeking to compel the trial court to render a ruling on his trespass to try title suit

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

and on other motions pertaining to his suit. Without supporting documentation, relator alleges in his petition that he filed his trespass to title suit against Julie Benavidez on June 29, 2010. He also asserts that he filed, among other things, the following: (1) a motion for a restraining order on October 15, 2010 and again on November 12, 2010; (2) a motion for the issuance for a bench warrant on November 12, 2010; (3) a motion for trial by judge on November 12, 2010; and (4) a motion for the trial court to render a decision on issues pertaining to this cause on July 11, 2011. Relator further alleges that because Benavidez refused to accept delivery of his discovery requests, on December 2, 2010, he mailed copies to the district clerk and requested that Benavidez be served with copies of the documents. As of the date of the filing of his petition for writ of mandamus, relator claims that the trial court has "refused to render a ruling on any of the documents [he] has filed" and has not "ordered that [Benavidez] be served with the discovery motions or with the [m]otion for [r]estraining [o]rder."

A writ of mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, and mandamus may issue to compel the judge to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *see In re Mission Consol. Ind. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding) (concluding that courts of appeals have the power to compel a trial judge to rule on pending motions). The trial court, however, has a "reasonable"

2

time within which to rule upon a motion. *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding); *Safety-Kleen Corp.*, 945 S.W.2d at 269.

Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135-36 (Tex. App.—Amarillo 2001, orig. proceeding). Factors relevant to whether a reasonable time has lapsed include the following: (1) the trial court's actual knowledge of the motion; (2) its overt refusal to act; (3) the state of its docket; and (4) other judicial and administrative duties which it must address. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding); *see Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (providing that to establish entitlement to the issuance of a writ of mandamus compelling a trial court to consider and rule on a pending motion, the relator bears the burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a demand for performance of this duty, and (3) the trial court refused to act); *In re Torres*, 130 S.W.3d 409, 413 (Tex. App.—Corpus Christi 2004, orig. proceeding). Specific to the trial court's knowledge of the motion, a court is not required to consider a motion not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with a clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001) (orig. proceeding).

3

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. First, relator's petition[2] fails to comply with Texas Rule of Appellate Procedure 52.3 insofar as the factual statements and arguments in the petition are not supported by citation to competent evidence included in an appendix or record.[3] See TEX. R. APP. P. 52.3(g), (h).

In addition, relator has not provided this Court with certified or sworn copies of any documents for which he requested the trial court's assistance. *See id.* at R. 52.3(k)(1), 52.7(a)(1). The absence of a mandamus record prevents us from evaluating the circumstances of this case and, consequently, the merits of relator's complaints. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). It is relator's obligation to provide us with evidence against which we could test the reasonableness of the trial court's alleged delay. *See Chavez*, 62 S.W.3d at 229.

In the instant case, the mandamus petition provides only allegations of motions being filed with the district clerk. The record does not include any file-stamped copies of the documents at issue. There is no indication in the mandamus petition that after filing the motion with the district clerk, relator asked the trial court to rule on the motion or otherwise did anything to bring the motion to the trial court's attention. Thus, relator has

---

[2] Relator filed his petition for writ of mandamus on September 12, 2011. When relator filed his motion for rehearing on September 30, 2011, he attached what we construe as a supplemental petition. However, without deciding whether the supplemental petition is properly before us, even when reviewed together the petitions do not comply with rule 52.3. *See* TEX. R. APP. P. 52.3.

[3] Although relator identified real party in interest Julie Benavidez as a party, it is unclear from the record whether relator served her with the petition for writ of mandamus and the motion for rehearing.

failed to meet his burden to show a demand for performance and a refusal to act. *See Stoner*, 586 S.W.2d at 846; *In re Torres*, 130 S.W.3d at 413; *In re Villarreal*, 96 S.W.3d at 711.

We must therefore conclude that relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Because relator has failed to show an abuse of discretion by the trial court, *see Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 424, we deny the petition for writ of mandamus. TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the 13th
day of October, 2011.

5