

NUMBER 13-14-00417-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE MICHAEL HABINIAK**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Per Curiam Memorandum Opinion**[1]

On July 23, 2014, relator Michael Habiniak, proceeding pro se, filed a petition for writ of mandamus seeking to compel the disqualification of the Honorable Mario E. Ramirez, Jr., Presiding Judge of the 332nd District Court of Hidalgo County, Texas pursuant to relator's fourth motion for disqualification. According to the petition and record, Judge Ramirez recused himself from the underlying case in March of this year. In the petition for writ of mandamus, relator seeks various forms of relief against: (1)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Judge Ramirez, (2) the Honorable Roberto "Bobby" Flores, the Presiding Judge of the 139th District Court of Hidalgo County, Texas, (3) Laura Hinojosa, the District Clerk of Hidalgo County, (4) the Honorable J. Rolando Olvera, Presiding Judge of the Fifth Judicial Administrative Region, and (5) the Honorable Robert M. Blackmon, the Honorable J. Manuel Bañales, and the Honorable Linda Reyna Yañez, who are each appearing herein as senior judges sitting by assignment.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig .proceeding) (per curiam).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig .proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). However, where an order is void, the relator need not show it did not have an adequate appellate remedy and mandamus relief is appropriate. *See In re Vaishangi, Inc.*, No. 13-0169, 2014 WL 2535996, at *4 (Tex. June 6, 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (orig. proceeding); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973) (orig. proceeding).

2

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the petition for writ of mandamus should be denied. First, insofar as the petition seeks review of the order of recusal, an order granting a motion to recuse is final and cannot be reviewed by appeal, mandamus, or otherwise. *See generally* TEX. R. CIV. P. 18a(j)(1)(B). Second, to the extent that relator contends that various orders at issue are void because the trial court should have been disqualified, relator has not met his burden to obtain relief. *Compare* TEX. CONST. art. 5 § 11, TEX. R. CIV. P. 18b(a)(3); *with* TEX. R. CIV. P. 18b(b)(8). Third, to the extent that relator seeks relief against the Presiding Judge of the Fifth Judicial Administrative Region or the District Clerk of Hidalgo County, relator has not established that we have mandamus jurisdiction over these individuals based on the argument and facts in this case. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw 2013 through 3d C.S.); *In re Lopez*, 286 S.W.3d 408, 410 (Tex. App.—Corpus Christi 2008, orig. proceeding [mand. denied]) ("The government code does not grant a court of appeals the authority to issue a writ of mandamus against a regional presiding judge acting in his administrative capacity."); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) ("This court does not have jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction."). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
28th day of July, 2014.