**In re Linda J. CHONODY.**

**No. 2–00–305–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 9, 2000.

---

6. Tex Penal Code Ann. § 12.44(a)-(b).

R. Jeanette Parham, Hempstead, for Relator.

Staton & Taylor, Gerald Staton, Fort Worth, for Real Party In Interest.

PANEL B: DAY, DAUPHINOT, and GARDNER, JJ.

## OPINION

GARDNER, Justice.

Relator Linda J. Chonody seeks mandamus relief from the trial court's order disqualifying her attorney from representing her in the underlying divorce proceedings. We conditionally grant relator's petition for writ of mandamus.

### BACKGROUND

On or about June 30, 2000, Todd Chonody, relator's husband and the real party in interest (RPI), filed for divorce in cause number 360–303132–00 in the 360th Judicial District Court of Tarrant County. Prior to the divorce action, a family violence protective order was issued by the 231st Judicial District Court against RPI in cause number 231–288005–99. Before the expiration of the protective order, a temporary ex parte protective order was issued on August 9, 2000, which has been extended for 20–day periods pursuant to the Texas Family Code. The two causes have been consolidated.

In the divorce suit, relator originally retained Susan Fromm with West Texas Legal Services to represent her. Relator was dissatisfied with Fromm's representation and fired her. Relator then retained R. Jeanette Parham (Parham), and Par-

ham filed a motion to substitute counsel. A hearing was set on Parham's motion for August 9, 2000. On the same date, RPI filed a motion to disqualify Parham alleging Parham represented him in a 1999 criminal case involving domestic violence between the parties. The motion was not sworn and no supporting affidavits or exhibits were attached.

The trial court continued the August 9 hearing to September 8, when a hearing on all pending issues in the divorce was also scheduled. Nevertheless, on August 14, the trial court granted the motion to disqualify without notice to relator or the benefit of an evidentiary hearing.

### MANDAMUS RELIEF

██ Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party v. Dietz,* 940 S.W.2d 86, 88 (Tex.1997) (orig.proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).

### MOTION TO SUBSTITUTE

██ In relator's first issue, she complains that the trial court arbitrarily and capriciously refused to grant her motion to substitute counsel without evidence or a compelling reason notwithstanding the fact that she appeared for the August 9 hearing and announced ready. However, relator has not included a copy of the trial court's order denying the motion to substitute and it is not apparent from the record that the trial court has, in fact, considered or ruled on the motion. *See* TEX.R.APP.P. 52.3(j). Furthermore, we cannot conclude

the trial court abused its discretion or acted unreasonably by continuing the hearing on the motion to substitute Parham as relator's attorney in light of the issues raised in RPI's motion to disqualify Parham. Issue one is overruled.

### MOTION TO DISQUALIFY

In relator's second issue, she contends the trial court abused its discretion by granting RPI's motion to disqualify Parham. Relator does not dispute that Parham represented RPI in the prior criminal case. Instead, she urges that merely establishing a prior attorney-client relationship is insufficient to establish cause for disqualification and that she should have been afforded notice and a hearing on RPI's motion to disqualify. We agree.

Because disqualification may result in immediate and palpable harm to a party by disrupting the trial proceedings and depriving the party of his or her counsel of choice, a trial court's ruling on a motion to disqualify is reviewable by mandamus. *See In re Bahn,* 13 S.W.3d 865, 872 (Tex. App.—Fort Worth 2000, orig. proceeding); *In re Butler,* 987 S.W.2d 221, 223–24 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).

Rule 1.09 of the rules of professional conduct provides in relevant part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

(1) in which such other person questions the validity of the lawyer's services or work product for the former client; or

(2) if the representation in reasonable probability will involve a violation of Rule 1.05 [Confidentiality of Information];

(3) if it is the same or a substantially related matter.

Tex.Disciplinary R. Prof'l Conduct 1.09(a)(1)-(3), *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex.State Bar R. art. X, § 9). RPI's motion to disqualify alleges that Parham previously represented him in a criminal case and has now taken an adverse position against him in a substantially related matter.

A motion to disqualify counsel is the proper procedural vehicle to challenge an attorney's representation under these circumstances. *See NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398, 399 (Tex. 1989). However, because disqualification is a severe remedy, the trial courts must adhere to an exacting standard so as to discourage the use of a motion to disqualify as a dilatory trial tactic. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) (orig.proceeding); *Coker,* 765 S.W.2d at 399; *In re Butler,* 987 S.W.2d at 224.

Rule 1.09 does not absolutely prohibit a lawyer from representing a client against a former client. *See* Tex.Disciplinary R. Prof'l Conduct 1.09 cmt. 3. The burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *See Spears,* 797 S.W.2d at 656. Mere allegations of unethical conduct in a motion or evidence showing a potential violation of a disciplinary rule will not suffice under this standard. *See id.* In support of disqualification, the movant must prove by a preponderance of the evidence the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it involved a genuine threat that confidences revealed to his former counsel

will be divulged to his present adversary or used to his disadvantage. *See Coker,* 765 S.W.2d at 400; *see also National Med. Enters., Inc. v. Godbey,* 924 S.W.2d 123, 129–31 (Tex.1996) (orig.proceeding); TEX.DISCIPLINARY R. PROF'L CONDUCT 1.09 cmt. 4.

Notwithstanding the fact that Parham represented RPI in the previous criminal matter, RPI presented no evidence to show that the prior criminal proceedings and the instant divorce proceedings are substantially related—i.e., that a genuine threat exists that Parham may divulge in one matter confidential information obtained in the other because the facts and issues involved in both are so similar. *See In re Epic Holdings, Inc.,* 985 S.W.2d 41, 51 (Tex.1998) (orig.proceeding). Consequently, the trial court abused its discretion by granting the motion without evidence proving Parham is disqualified. Relator's issue two is sustained.[1]

## CONCLUSION

Accordingly, without hearing oral argument, we conditionally grant relator's petition for writ of mandamus and order the trial court to vacate its August 14, 2000 "Order on Motion to Disqualify Attorney." The writ will issue only if the trial court fails to do so.

---

**1.** Our holding should not be interpreted to suggest that Parham should or should not be disqualified as relator's attorney, only that the trial court has no discretion to disqualify Parham without sufficient evidence presented, upon notice and hearing, proving that counsel is disqualified.