**Opinion issued December 21, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-01013-CV**
**NO. 01-12-01022-CV**

———————————

**IN RE CECELIA MARIE RYAN AND SUZANNE SCHWAB-RADCLIFFE,**
**Relators**

---

**Original Proceeding on Petitions for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relators, Cecelia Ryan and Suzanne Schwab-Radcliffe, have filed a petition

for writ of mandamus in this Court. [1] *See* TEX. GOV'T CODE § 22.221 (Vernon

2004); *see also* TEX. R. APP. P. 52.1. Ryan and Schwab-Radcliffe challenge the

trial court's orders disqualifying Schwab-Radcliffe, a licensed attorney, from

---

[1] The underlying case is *In the Matter of the Marriage of Peter James Ryan and Cecelia Ryan*, cause number 12-FD-1843, County Court at Law No. 3 of Galveston County, Texas.

representing Ryan "in this matter" and disqualifying her from representing "any family law client" in the Galveston County Court while Suzanne Schwab-Radcliffe is "also employed as the County's Associate Family Law Judge." [2] They also challenge a contempt order signed by the trial court against Radcliffe. [3]

We conditionally grant the petitions for writ of mandamus.

## Background

Cecelia Ryan retained attorney Suzanne Schwab-Radcliffe to represent her in a divorce action filed in Galveston County Court at Law No. 3. Schwab-Radcliffe is also employed as a part-time associate family law judge in the 306th District Court of Galveston County. An order signed on October 23, 2001, by the then-presiding judges of the 306th District Court and the three Galveston county courts at law, provided that cases in which Schwab-Radcliffe was attorney of record, shall automatically be transferred to one of the three county courts at law on a rotating basis. [4]

Without a request from any party, notice or hearing, the trial court signed an order disqualifying Radcliffe-Schwab "as attorney of record in this matter." In the order, the trial court indicated that it found there "to be a clear conflict of interest

---

[2] Appellate Cause Number 01-12-01013-CV

[3] Appellate Cause Number 01-12-01022-CV

[4] The then-presiding judge of Galveston County Court at Law No. 3, who signed the October 23, 2001 order, is not the respondent in these mandamus proceedings.

2

between [Schwab-Radcliffe's] role as an advocate for her client, and [her] judicial obligations and responsibilities" as an associate judge. The court continued that it found that "the Associate Judge must be disqualified from this matter and should be disqualified from representing family law clients in this County." As authority for the disqualification order, the trial court cited the "Code of Judicial Conduct, Canons 1–4."

Also on October 3, 2012, Radcliffe-Schwab filed, on behalf Ryan, a motion to recuse the trial court judge. The motion asserted that the trial judge's impartiality "might reasonably be questioned" because an email sent by the judge to the Galveston County District Clerk and the Galveston County Attorney "shows an inherent bias against [Radcliffe-Schwab]." The referenced email message was attached to the motion to recuse.

On October 10, 2012, the trial court signed an order holding Schwab-Radcliffe in contempt for filing "pleadings" on behalf of Ryan after the October 3 disqualification order was signed. Relators assert in their mandamus petitions that this references the recusal motion filed on October 3. In addition, the trial court struck "all motions filed by the County's Associate Judge after the date of this Court's last [disqualification] Order." Relators assert that the effect was to strike the motion seeking to recuse the trial judge.

On October 15, 2012, again, without a motion being filed, Schwab-Radcliffe being provided with notice, or a hearing being conducted, the trial court signed a "Standing Order of Disqualification." The order provides as follows:

> This Court previously concluded that allowing the County's Associate Family Law judge to also represent family law clients in this Court would cast doubt on an impartial judiciary. This Court found such representation constitute a clear conflict of interest between the attorney's role as advocate for her client, and the attorney's judicial obligation and responsibilities in this Courthouse. See e.g., Texas Code of Judicial Conduct, Canons I–IV; Ethics Opinion1 32.
>
> The Court's prior Orders were based on a laundry-list of factual examples that would convince any reasonable person that the Associate Family Law Judge's representation of family law clients in this courthouse would run afoul of the permissible Canons. Therefore, this Court previously disqualified Ms. Schwab-Radcliffe from representing any family law client in this Court while she is also employed as the County's Associate Family Law Judge.
>
> As a standing order, it is ordered that Ms. Schwab-Radcliffe, including her law firm, is disqualified from representing family law clients in this Court while she is also employed as the County's Associate Family Law Judge.
>
> It is further ordered that violations of this Order shall be enforceable by contempt.

On October 18, 2012, the trial court signed a new docket control order. The earlier docket control order had set trial for March 21, 2013. The new docket control order, signed after Schwab-Radcliffe's disqualification, moved the trial setting up nearly three months to December 19, 2012.

On November 12, 2012, relators filed these petitions for writ of mandamus.

4

They contend that the trial court has abused its discretion by signing the October 3, 2012 order disqualifying Schwab-Radcliffe from representing Ryan "in this matter" and by signing the October 15, 2012 standing disqualification order. Relators also contend that the trial court abused its discretion by signing the October 10, 2012 order of contempt. Relators request this Court to order the trial court to vacate the disqualification and contempt orders.

On December 14, 2012, relators filed a motion in this Court requesting a stay of the December 19 trial setting. Also on that date, the trial court signed an order, sua sponte, dismissing the case without prejudice. The trial court stated in the dismissal order that the case was dismissed because the parties had failed to meet certain deadlines set by the scheduling order. The dismissal order does not vacate the earlier signed dismissal orders or the contempt order.

## Standard of Review

To be entitled to the extraordinary relief of a writ of mandamus, relators must show the trial court abused its discretion and there is no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*,

5

L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## Disqualification Orders

Because an appeal is inadequate when a trial court abuses its discretion in disqualifying a party's attorney, *In re Guar. Ins. Servs.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding); *In re Cerberus Capital Mgmt.*, 164 S.W.3d at 383, mandamus is an appropriate means of correcting an erroneously issued order of disqualification.

Here, the trial court acting without a motion or request from any party, without notice to Schwab-Radcliffe or to Ryan, and with no hearing, sua sponte signed orders (1) disqualifying Schwab-Radcliffe from representing Ryan "in this matter" and (2) disqualifying Schwab-Radcliffe from "from representing family law clients in [Galveston County Court at Law No. 3] while she is also employed as the County's Associate Family Law Judge."  As reflected in the orders, the trial court based its disqualification of Schwab-Radcliffe on its findings that her representation of clients in family law cases in Galveston county court violates canons one through four of the Code of Judicial Conduct.

Relators contend that it was an abuse of discretion for the trial court to disqualify Schwab-Radcliffe without notice or a hearing.  We agree.  The Supreme Court of Texas has said that disqualification is a severe remedy.  *In re Sanders*,

6

153 S.W.3d 54, 57 (Tex. 2004). Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *See id.* Because it is a severe remedy, trial courts must adhere to an exacting standard when determining whether to disqualify an attorney. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). Mere allegations of unethical conduct or evidence showing a potential violation of a disciplinary rule will not suffice under this standard. *See id.*

When, as here, the trial court has not afforded the attorney and her client the basic requirements of due process before ordering disqualification by providing the parties with notice and a hearing, the exacting standards required for disqualification have not been met. *See, e.g., In re Lopez*, 286 S.W.3d 408, 411–12 (Tex. App.—Corpus Christi 2008, orig. proceeding) (directing trial court to vacate ruling disqualifying counsel because party was entitled to notice and a hearing prior to a ruling disqualifying her counsel); *In re Chonody*, 49 S.W.3d 376, 380 & n.1 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding that that the trial court has no discretion to disqualify attorney without sufficient evidence presented, on notice and hearing, proving that counsel is disqualified). Thus, we hold that the trial court abused its discretion when it disqualified Schwab-Radcliffe from representing Ryan in the underlying divorce action and from representing clients in

7

family law cases in the County Court at Law No. 3 while she serves as an associate judge in the district court.[5]

## Contempt Order

Relators also challenge the trial court's October 10, 2012 order holding Schwab-Radcliffe in contempt for violating the October 3, 2012 disqualification order. Contempt orders that do not involve confinement may be reviewed by a petition for writ of mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999). Here, because we have held that the trial court abused its discretion when it signed the orders disqualifying Schwab-Radcliffe, it follows that the trial court also abused its discretion when it signed the contempt order.

## Conclusion

For the reasons discussed, we conditionally grant the requested mandamus relief in each original proceeding. We direct the trial court judge, the Honorable Christopher Dupuy, to vacate the October 3, 2012 order disqualifying Schwab-Radcliffe and October 15, 2012 standing order of disqualification by January 2, 2013. We further direct the trial court judge to vacate the October 10, 2012 contempt order disqualification by January 2, 2013. We will issue writ only if the

---

[5]   Our holding should not be interpreted to suggest that Schwab-Radcliffe should or should not be disqualified, only that the trial court has no discretion to disqualify Schwab-Radcliffe without notice and a proper hearing. *See In re Chonody*, 49 S.W.3d 376, 380 n.1 (Tex. App.—Fort Worth 2000, orig. proceeding).

trial court judge fails to do so.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.