

## NUMBER 13-13-00718-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**KYLE KIRBY,** **Appellant,**

**v.**

**RHONDA MARIE KIRBY,** **Appellee.**

On appeal from the 24th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Kyle Kirby, appeals from a final divorce judgment. By four issues,

appellant contends that (1) the trial court abused its discretion when it denied his motion

for continuance, (2) the trial court lacked jurisdiction to divide property belonging to a non-

party,[1] (3) the trial court lacked jurisdiction to order him to transfer the registration of firearms belonging to the community estate, and (4) the trial court abused its discretion by denying his motion to disqualify appellee, Rhonda Marie Kirby's, trial attorney. We reverse and remand in part and affirm in part.[2]

## I. MOTION FOR CONTINUANCE

By his first issue, appellant contends that he timely filed motions for continuance when good cause existed and that the trial court improperly denied his motions.[3] Specifically, appellant argues that his motions for continuance should have been granted because (1) he could not be present at the December 3, 2013 divorce trial, and (2) he needed more time to conduct discovery.

We will reverse a trial court's ruling on a motion for continuance if there is a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (explaining that the record must show a clear abuse of discretion before the appellate court will disturb the trial court's action on a motion for continuance). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston 2012, no pet.); *see State v. Crank*, 666 S.W.2d 91, 93 (Tex. 1984). We may not substitute our own judgment for that of the trial court in matters committed to the trial court's discretion.

---

[1] The trial court ordered the distribution of property belonging to appellee's son in the divorce decree.

[2] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] Appellant filed two motions for continuance in the trial court. On appeal, appellant generally challenges the trial court's denial of his motions. Thus, we have reviewed both motions for purposes of this appeal.

2

*McAleer*, 394 S.W.3d at 617. Texas Rule of Civil Procedure 251 provides that a motion for continuance cannot be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251.

First, appellant argues that his motion for continuance should have been granted because he was not able to attend the trial. When a continuance is sought because of the unavailability of a party, the rules governing unavailability of witnesses apply. *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 27 (Tex. App.—Corpus Christi 2010, no pet.). Texas Rule of Civil Procedure 252 governs whether a continuance may be granted on the basis that a party or witness will be absent. *Id.* "A trial court is not required to grant a motion for continuance just because a party is unable to be present at trial." *Id.*; *Hawthorne v. Guenther*, 917 S.W.2d 924, 929 (Tex. App.—Beaumont 1996, writ. denied) (citing *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ)). Texas Rule of Civil Procedure 252 states:

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

TEX. R. CIV. P. 252.

Here, only appellant's second motion for continuance stated that he sought a continuance on the basis that he would not be able to attend the trial due to his work schedule. However, appellant did not state that his presence and testimony at trial was

3

material, he made no offering of what testimony or evidence he planned to present, and he did not show that any such evidence could not be procured by means other than his attendance at the trial. *See In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 27 (concluding that appellants had not shown that the trial court abused its discretion by denying their motion to suppress because, although the appellants claimed that they were unavailable for the proceeding, "appellants did not argue that their presence and testimony at the [proceeding] was material, they made no offering of what testimony or evidence they planned to present, and they did not show that any such evidence could not be procured by means other than their attendance at [the proceeding]"). Accordingly, we cannot conclude that the trial court clearly abused its discretion by denying appellant's motion for continuance on this basis.

Next, appellant argues that the trial court should have granted his motion for a continuance because he needed more time for discovery. In *Joe v. Two Thirty Nine Joint Venture*, the Texas Supreme Court set out that, when deciding whether the trial court had abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, it had considered a nonexclusive list of factors which included the following: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought."[4] 145 S.W.3d 150, 161 (Tex. 2004).

---

[4] Regarding further discovery in his first motion for continuance, appellant stated the following: "Both Petitioner and Respondent have asserted claims for reimbursement. Discovery needs to be under taken to determine the basis for these claims." That is the extent of appellant's discovery argument in his motion.

4

In his first motion for continuance, appellant alleged that further discovery was required because both he and appellee had filed claims for reimbursement. However, at trial, appellee abandoned her claim for reimbursement, and the trial court did not award her any reimbursement. Therefore, discovery regarding appellee's claim for reimbursement was not material to the issues at the trial. *See id.* Appellant also sought discovery of his own claims of reimbursement from appellee's separate estate to his separate estate, reimbursement from the community estate to his separate estate, and reimbursement from appellee's separate estate to the community estate. However, in his first motion for continuance, appellant neither argued nor showed that he had exercised due diligence to obtain the discovery sought.[5] *See id.*; *Grace v. Duke*, 54 S.W.3d 338, 343 (Tex. App.—Austin 2001, pet. denied) ("A motion for continuance seeking time for discovery must comply with rule 252, and must, among other things, describe the evidence sought, explain its materiality, and show the party requesting the continuance has used due diligence to obtain the evidence.") (citing TEX. R. CIV. P. 252; *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 527 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Texas Dep't of Human Servs. v. Green*, 855 S.W.2d 136, 147 (Tex. App.—Austin 1993, writ denied)). Accordingly, we cannot conclude that the trial court clearly abused its discretion by denying appellant's first motion for continuance on that basis.

Appellant did not allege in his second motion for continuance that he needed more time for discovery. However, at a hearing held on his second motion for continuance, appellant's trial counsel orally stated that the parties' claims for reimbursement required

---

[5] Appellee points out in her brief, and the record reflects, that on November 26, 2013, the trial court held a hearing on appellant's motion for continuance. However, appellant has not provided this Court with a transcript of that proceeding.

5

further discovery necessitating a continuance. This argument was made without a supporting affidavit, as required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 251 (requiring that a motion for continuance shall only be granted on sufficient cause supported by affidavit). Accordingly, we cannot conclude that the trial court abused its discretion by denying appellant's oral motion for a continuance on that basis. Having determined that the trial court did not abuse its discretion by denying appellant's first and second motions for continuance, we overrule appellant's first issue.[6]

## II.    DIVISION OF THE PROPERTY

By his second issue, appellant contends that the trial court lacked subject-matter jurisdiction to award property that belongs to a non-party and to order him to post a $3500 bond until such property has been returned to the non-party. Appellee concedes that the trial court erred and requests that we reverse the judgment on that basis. Accordingly, we sustain appellant's second issue. *See Chesapeake Operating, Inc. v. Denson*, 201 S.W.3d 369, 373 (Tex. App.—Amarillo 2006, pet. denied) ("A trial court lacks jurisdiction to enter judgment for a non-litigant; to do so constitutes fundamental error on its part if the error is apparent from the face of the record.").[7]

## III.    REGISTRATION OF FIREARMS OWNED BY THE COMMUNITY

By his third issue, appellant contends that the trial court lacked jurisdiction to order him to transfer the registration of firearms owned by the community estate to his name.

---

[6] On appeal, appellant has not argued that he exercised due diligence to obtain the discovery sought. *See* TEX. R. APP. P. 38.1(i).

[7] We note that error is apparent from the face of the record because appellee's son was not a party or litigant in the divorce proceeding.

6

Appellee concedes that the trial court had no jurisdiction and requests that we reverse this portion of the judgment. Accordingly, we sustain appellant's third issue.[8]

## IV. MOTION TO DISQUALIFY

By his fourth issue, appellant contends that the trial court abused its discretion by denying his motion to disqualify appellee's trial counsel. Specifically, appellant argues that, although not a party, in a prior proceeding, appellee's trial counsel acquired confidential information from him.

"[B]ecause disqualification is a severe remedy, the trial courts must adhere to an exacting standard so as to discourage the use of a motion to disqualify as a dilatory trial tactic." *In re Chonody*, 49 S.W.3d 376, 379 (Tex. App.—Fort Worth 2000, no pet.). To show entitlement to a motion for disqualification,

> the movant must prove by a preponderance of the evidence the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it involved a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary or used to his disadvantage.

*Id.*

Here, appellant does not allege that a prior attorney-client relationship actually existed and argues instead that an attorney "is disqualified in engaging in representation against a person with whom that person believed an attorney-relationship existed." Appellant cites no authority, and we find none, supporting appellant's argument. Moreover, appellant points to no evidence in the record that the factual matters involved

---

[8] Appellant states that there is no mechanism in Texas which allows, directs, mandates, requires, or enables a gun owner to transfer, register, or document a change of ownership of a firearm after an initial purchase. Appellee agrees with appellant stating that the trial court lacked jurisdiction to order appellant "to perform an impossibility, i.e., transfer the registration of certain firearms owned by the community into [appellant's] name only."

in the prior proceeding were so related to the facts in the pending divorce litigation that it involved a genuine threat that confidences revealed to his former counsel would have been divulged to his present adversary or used to his disadvantage. *See id.* Therefore, we cannot conclude that the trial court abused its discretion in denying appellant's motion to disqualify appellee's trial counsel. *See NCNB Texas Nat. Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (explaining that the trial court's "failure to apply the proper standard of law to the motion to disqualify counsel was an abuse of discretion"). We overrule appellant's fourth issue.

## V. CONCLUSION

We reverse in part those portions of the trial court's judgment awarding property to a non-party, requiring a $3500 bond, and requiring that appellant transfer the registration of the firearms belonging to the community to himself and remand for entry of a judgment consistent with this opinion. The judgment is affirmed in all other respects.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
30th day of November, 2015.